# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| **DAYSHIA EDWARDS, STACY HAGER, RAVEN STEINMETZ, MICHELLE DOTSON, NICOLLE SCHAFER, CHRISTOPH WEBER, DARYANE SHADDAY, MICHELLE BLATCHFORD, MELISSA SHAFFER, and DEOMNI PAGE,** | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:18-cv-3170 |
| | ) |
| **HARRISON COLLEGE, CRAIG PFANNENSTIEHL, JAMES HUTTON, GREGORY WALLIS, MICHAEL CROWLEY, KENNETH KONESCO, EDUCATIONAL MANAGEMENT CORPORATION, AND EDUCOR, INC.,** | ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR DAMAGES

**COMES NOW**, Plaintiffs Dayshia Edwards, Stacy Hager, Raven Steinmetz, Michelle Dotson, Nicolle Schafer, Christoph Weber, Daryane Shadday, Michelle Blatchford, Melissa Shaffer, and Deomni Page, and complain against Defendants Harrison College, Craig Pfannenstiehl, James Huttson, Gregory Wallis, Michael Crowley, Kenneth Konesco, Educational Management Corporation, and Educor, Inc., as follows:

### I. VENUE AND JURISDICTION

1. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367.

2.  Venue is proper under 28 U.S.C. § 1391 in that the claim alleged herein arose in and the location of the Defendants are in Marion County, Indiana, within the Southern District of Indiana, Indianapolis Division.

## II.    PARTIES AND RECITALS

3.  Plaintiff Dayshia Edwards was a student at Harrison College in Indianapolis, Indiana at all relevant times.

4.  Plaintiff Stacy Hager was a student at Harrison College in Indianapolis, Indiana at all relevant times.

5.  Plaintiff Raven Steinmetz was a student at Harrison College in Indianapolis, Indiana at all relevant times.

6.  Plaintiff Michelle Dotson was a student at Harrison College in Indianapolis, Indiana at all relevant times.

7.  Plaintiff Nicolle Schafer was a student at Harrison College in Indianapolis, Indiana at all relevant times.

8.  Plaintiff Christoph Weber was a student at Harrison College in Indianapolis, Indiana at all relevant times.

9.  Plaintiff Daryane Shadday was a student at Harrison College in Indianapolis, Indiana at all relevant times.

10. Plaintiff Michelle Blatchford was a student and employee of Harrison College at all relevant times.

11. Plaintiff Melissa Shaffer was a student at Harrison College and a part time employee of Harrison College at all relevant times.

12. Plaintiff Deomni Page was a student at Harrison College in Indianapolis, Indiana at all relevant times.

13. Defendant Harrison College, was a private for-profit college based in Indiana, with 11 campuses in Indiana, Ohio, and North Carolina.

14. Defendant Craig F. Pfannenstiehl was Chairman of the Officers of the Corporation of Educational Management Corporation, Inc., at all relevant times.

15. Defendant Dr. James D. Hutton was President of the Officers of the Corporation of Educational Management Corporation, Inc. at all relevant times.

16. Defendant Gregory C. Wallis was Treasurer of the Officers of the Corporation of Educational Management Corporation Inc., at all relevant times.

17. Defendant Michael T. Crowley was Secretary of the Officers of the Corporation of Educational Management Corporation Inc., at all relevant times.

18. Defendant Kenneth Konesco was Director of the Officers of the Corporation of Educational Management Corporation Inc., at all relevant times.

19. Defendant Educational Management Corporation, also known as Harrison International, owned Harrison College at all relevant times, located at 500 Meridian, Suite 500, Indianapolis, IN 46204.

20. Defendant Educor, Inc., is the assumed owner of Educational Management Corporation and other entities.

21. Plaintiffs will be referred to collectively as "Plaintiffs" and Defendants will be referred to collectively as "Defendants" unless otherwise specified or designated.

### III.   FACTUAL ALLEGATIONS

22. Plaintiffs were all actively enrolled students at Harrison College in Indianapolis, Indiana on or about September 14, 2018.

23. Plaintiffs were not given prior notice by Harrison College officials that the private, for-profit college was closing.

24.  Plaintiffs obtained financial means to continue their education at Harrison College for the upcoming fall quarter beginning in late September, 2018.

25. Several of the Plaintiffs secured financing for tuition and related costs by obtaining institutional loans through Harrison College.

26. Defendant Educational Management Corporation purchased Harrison College in 1986.

27. Defendant Harrison College also has a culinary division, the Chef's Academy, also located in Indianapolis, Indiana, which is set to close on October 14, 2018.

28. Harrison College's website shows Defendant Dr. Hutton as becoming president and CEO of Harrison College in 2015.

29. In a business entity report filed by Harrison College on April 1, 2016, Defendant Craig Pfannenstiehl was named as a member of the board of director.

30. On the Harrison College website, Craig Pfannenstiehl is also listed as Chairman of the Board, and Director of Educational Management Corporation. Yet there are no business filings to validate his status with Educational Management Corporation or Harrison College.

31. Defendants Harrison College and Educational Management Corporation put the 4.7 acre downtown campus on the real estate market in March 2017, setting $11.5 million as the selling price.

32. On June 30, 2017, Defendant Harrison College submitted a filing to the Indiana Secretary of State which amended its Articles of Amendments.

33. Specifically, Harrison College amended Article 4 of the Articles of Incorporation, which changed the total number of shares of voting stock and voting powers of the voting stock.

34. Defendant Harrison College sold part of its downtown campus, located at 550 E. Washington St., Indianapolis, Indiana, on August 10, 2018 for $6.3 million dollars to an apartment developer.

35. At no time prior to, during, or after the sale, did Harrison College notify Plaintiffs of the pending sale of part of its campus.

36. Sometime in October 2017, Defendant Educational Management Group sold the property that the Chef's Academy was located on to Mike Simmons for $2.24 million.

37. Defendants purposefully failed to notify Harrison College students or employees that they had put parts of Harrison College's campus on the real estate market in 2017 and 2018.

38. Defendants promulgated the notion that Harrison College was not going to close, and further induced their students to continue taking out student loans, through the federal government and through Harrison College itself, at the financial detriment of the Plaintiffs.

39. Defendant Educational Management Corporation put both the Chef's Academy campus and the recently sold portion of Harrison College's campus on the real estate market early on in 2017.

40. Harrison College's website listed Craig Pfannenstiehl as CEO and President, yet also stated that Educational Management Corporation "does not have any other divisions, subsidiaries, or affiliates."

41. While the exact date that Craig Pfannenstiehl took the position of President/CEO of Harrison College is unknown, Craig Pfannenstiehl was also the President and CEO of the now defunct Bay State College. Bay State College was another private, for-profit college located in Boston, Massachusetts.

42. In 2017, Bay State College was acquired by Ambow Education Holding Ltd., which subsequently sold Bay State College's campus to real estate developers in the area, later that same year.

43. While operating as a President and CEO of Bay State College, Craig Pfannenstiehl was also President and CEO of another company, Educor, Inc., which was established in the 1980s and purportedly was in the business of higher education management.

44. To-date, further information pertaining to Educor, Inc., is unascertainable as their website has been taken down.

45. Another large company which also owned the Art Institute of Indianapolis, Education Management Corporation, similarly put parts of their colleges up for sale on the real estate market after being smacked with federal fines for violations of federal law.

46. Education Management Corporation was found to be guilty of violating the False Claims Act, as well as falsely certifying compliance with Title IV and state law requirements. In July 2018, Education Management Corporation filed for Chapter 7 bankruptcy or liquidation in Delaware.

47. Plaintiffs arrived on campus for class on September 14, 2018 and were notified by social media and news outlets that Harrison College was officially closed.

48. Defendants did not provide notice or follow up contact information for students with outstanding loans from Harrison College.

49. Plaintiffs who had institutional loans through Harrison College attempted to contact ECSI, the loan servicer for Harrison College, to find out further information pertaining to payment.

50. ECSI told Plaintiffs that they were no longer servicing the Harrison College loans and that the loans had been sent back to Harrison College.

51. Defendant Harrison College has failed to contact Plaintiffs or provide any additional information pertaining to the status of their institutional loans.

52. Defendant Harrison College instructed Plaintiffs that they could not simultaneously have full time jobs while also attending Harrison College as students.

53. Plaintiffs reduced their working hours as a result of Defendants' representations that Plaintiffs could not work full time while attending Harrison College.

54.  Several Plaintiffs were attending Harrison College's ADN program to secure additional training to become Registered Nurses.

55. Upon the closing of Harrison College, Plaintiffs contacted other nursing programs in Indiana, including Ivy Tech, Anderson University, Chamberlain University, Indiana University, Purdue University, and WGU; all of which are not accepting Harrison College class credits.

56. Harrison College students, including Plaintiffs, could not transfer many of the credits from Harrison College to other programs because Harrison College was not accredited.

57. As such, given the pattern of similar moves by other companies which held private, for-profit colleges, Plaintiffs believe that Defendants were engaged in intentional actions to promulgate and collect money from students for tuition for as long as possible, knowing that students would not be able to graduate or even transfer all of their Harrison College credits elsewhere. In addition, Plaintiffs believe that Defendants were engaged in business decisions which would obscure the underlying action of selling the campuses on the real estate market for profit, before eventually transferring the funds into other entities, in order to avoid detection or further be faced with penalties- all to the detriment of Plaintiffs, and for the profit of Defendants.

### COUNT 1
### BREACH OF CONTRACT
(Plaintiffs Dayshia Edwards, Stacy Hager, Raven Steinmetz, Michelle Dotson, Nicolle Schaffer, Christoph Weber, Daryane Shadday, Michelle Blatchford, and Melissa Shaffer against Defendants Harrison College, Craig Pfannenstiehl, James Hutton, Michael Crowley, Kenneth Konesco, Educational Management Corporation, and Educor, Inc.)

58. Plaintiffs incorporate by reference the preceding paragraphs of this complaint as fully set forth herein.

59. Plaintiffs performed their obligations under the Enrollment Agreement with Harrison College.

60. Harrison College, as well as Defendants Educational Management Corporation, Defendant Craig Pfannenstiehl, Defendant James Hutton, Defendant Gregory Wallis, and Defendant Michael Crowley, have failed and neglected to perform one or more of the agreed upon terms of the agreement; including, but not limited to, that Harrison College accepted Plaintiffs as students and thereafter failed to honor their student contracts by

abruptly withdrawing from providing services and education to Plaintiffs as proscribed by the Enrollment Agreement.

61. As a direct, proximate, and legal result of Defendants' breach, Plaintiffs have suffered damages.

## COUNT 2
## EDUCATIONAL MALPRACTICE
(Plaintiffs Dayshia Edwards, Stacy Hager, Raven Steinmetz, Michelle Dotson, Nicolle Schaffer, Christoph Weber, Daryane Shadday, Michelle Blatchford, and Melissa Shaffer against Defendants Harrison College, Craig Pfannenstiehl, James Hutton, Michael Crowley, Kenneth Konesco, Educational Management Corporation, and Educor, Inc.)

62. Plaintiffs incorporate by reference the preceding paragraphs of this complaint as fully set forth herein.

63. Defendant Harrison College, Defendant Craig Pfannenstiehl, Defendant James Hutton, Defendant Gregory Wallis, Defendant Michael Crowley, Defendant Educational Management Corporation, and Defendant Educor, Inc., as the persons and entities responsible for the educational policies and procedures of Harrison College, were responsible for ensuring adequate educational procedures and policies were in place.

64. Defendants, as the persons and entities responsible for the educational policies and procedures of Harrison College, were responsible for ensuring proper funding for students attending Harrison College.

65. Defendants, as the persons and entities responsible for the educational policies and procedures of Harrison College, were responsible for providing sufficient notice to students of Harrison College regarding the impending closure of Harrison College.

66. Defendants failed to provide any notice of the impending closure of Harrison College to Plaintiffs.

67. Defendants failed to exercise the ordinary skill and knowledge possessed by other purveyors of postsecondary education in a private, for-profit college context.

68. Defendants violated their duties as purveyors of Harrison College by failing to uphold duties to inform Plaintiffs of the impending closure of Harrison College, to ensure proper funding, as well as to ensure adequate educational procedures and policies.

69. Defendants also failed to deal openly, fairly, and honestly, in selling part of the land that Harrison College was located on to a real estate company while students were still enrolled and enrolling in future courses at Harrison College.

70. Defendants failed to educate Plaintiffs in an unjustified manner.

71. Defendants failed to provide notice to Plaintiffs of Harrison College's impending closure, while simultaneously and without disclosure selling off land Harrison College was located on, in an unjustified manner.

72. As a direct, proximate, and legal result of Harrison College's malpractice, Plaintiffs have suffered damages.

**COUNT 3**
**FRAUD**
(Plaintiffs Dayshia Edwards, Stacy Hager, Raven Steinmetz, Michelle Dotson, Nicolle Schaffer, Christoph Weber, Daryane Shadday, Michelle Blatchford, and Melissa Shaffer against Defendants Harrison College, Craig Pfannenstiehl, James Hutton, Michael Crowley, Kenneth Konesco, Educational Management Corporation, and Educor, Inc.)

73. Plaintiffs incorporate by reference the preceding paragraphs of this complaint as fully set forth herein.

74. Defendant Harrison College, Defendant Craig Pfannenstiehl, Defendant James Hutton, Defendant Gregory Wallis, Defendant Michael Crowley, Defendant Educational Management Corporation, and Defendant Educor, Inc., falsely and fraudulently

represented to Plaintiffs that Harrison College was open for enrollment and was not otherwise closing or stopping admissions during 2017-2018.

75. The representations made were false; and in truth, the fact was that Defendants were preparing to strip Harrison College of its financial assets and subsequently and immediately close Harrison College.

76. Defendant Educational Management Corporation had made plans to sell Harrison College's property as early as the spring months in 2017.

77. Defendant Educational Management Corporation did not disclose these plans to students, and further did not disclose the financial straits Harrison College was in.

78. On June 30, 2017, Defendant Harrison College submitted a filing to the Indiana Secretary of State which amended its Articles of Amendments.

79. Specifically, Harrison College amended Article 4 of the Articles of Incorporation, which changed the total number of shares of voting stock and voting powers of the voting stock.

80. Defendant Educational Management Corporation continued to encourage students to take out federal and private loans through Harrison College in order to fund an education that Defendant knew would likely not result in graduation.

81. When the representations and statements were made, they were known by Defendants to be false and were made with the intent to deceive and defraud Plaintiffs and to induce them to agree to continue their education at Harrison College, as well as to continue collecting tuition and federal aid.

82. Plaintiffs, at the time such representations and statements were made, believed that the representations and statements were true and relied upon them and were thereby induced to continue investing money and loans into their education at Harrison College.

83. As a direct, proximate, and legal result of Defendants' fraud, Plaintiffs have suffered damages.

## COUNT 4
## CONSTRUCTIVE FRAUD
(Plaintiffs Dayshia Edwards, Stacy Hager, Raven Steinmetz, Michelle Dotson, Nicolle Schaffer, Christoph Weber, Daryane Shadday, Michelle Blatchford, and Melissa Shaffer against Defendants Harrison College, Craig Pfannenstiehl, James Hutton, Michael Crowley, Kenneth Konesco, Educational Management Corporation, and Educor, Inc.)

84. Plaintiffs incorporate by reference the preceding paragraphs of this complaint as fully set forth herein.

85. Harrison College, as well as the individuals and entities responsible for running Harrison College, including Defendant Craig Pfannenstiehl, Defendant James Hutton, Defendant Gregory Wallis, Defendant Michael Crowley, Defendant Educational Management Corporation, and Defendant Educor, Inc., were obligated to deal fairly with Plaintiffs because a special, fiduciary relationship existed between them because Harrison College was a proprietary educational institution and Plaintiffs were students, and previously prospective students.

86. Harrison College violated the obligation to deal fairly by misrepresenting present and future promises by representing and/or remaining silent when Harrison College had an obligation to disclose its impending closure.

87. Harrison College violated the obligation to deal fairly by failing to disclose that part of the land that Harrison College was on was sold to a real estate company in 2018.

88. Defendant Educational Management Corporation had made plans to sell Harrison College's property as early as the spring months in 2017.

89. On June 30, 2017, Defendant Harrison College submitted a filing to the Indiana Secretary of State which amended its Articles of Amendments.

90. Specifically, Harrison College amended Article 4 of the Articles of Incorporation, which changed the total number of shares of voting stock and voting powers of the voting stock.

91. Defendant Educational Management Corporation did not disclose these plans to students, and further did not disclose the financial straits Harrison College was in.

92. Defendant Educational Management Corporation continued to encourage students to take out federal and private loans through Harrison College in order to fund an education that Defendant knew would likely not result in graduation.

93. Plaintiffs justifiably relied on Harrison College's representations and silence.

94. Harrison College unjustifiably gained at the expense of Plaintiffs.

95. Defendants responsible for Harrison College stripped the financial assets of Harrison College, sold land that Harrison College was located on, and therefore gained financial advantage while simultaneously disadvantaged Plaintiffs.

96. As a result, Plaintiffs were unable to complete their educational programs at Harrison College and were saddled with thousands of dollars in student loan debt.

97. As a direct, proximate, and legal result of Defendants' fraud, Plaintiffs have suffered damages.

**COUNT 5**
**BREACH OF FIDUCIARY DUTY**
(Plaintiffs Dayshia Edwards, Stacy Hager, Raven Steinmetz, Michelle Dotson, Nicolle Schaffer, Christoph Weber, Daryane Shadday, Michelle Blatchford, and Melissa Shaffer against Defendants Harrison College, Craig Pfannenstiehl, James Hutton, Michael Crowley, Kenneth Konesco, Educational Management Corporation, and Educor, Inc.)

98. Plaintiffs incorporate by reference the preceding paragraphs of this complaint as fully set forth herein.

99. Defendant Harrison College, Defendant Craig Pfannenstiehl, Defendant James Hutton, Defendant Gregory Wallis, Defendant Michael Crowley, Defendant Educational Management Corporation, and Defendant Educor, Inc., owed Plaintiffs a fiduciary duty to act openly, honestly, and fairly, while responsible for the ongoing existence of Harrison College.

100. Defendant Educational Management Corporation had made plans to sell Harrison College's property as early as the spring months in 2017.

101. Defendant Educational Management Corporation did not disclose these plans to students, and further did not disclose the financial straits Harrison College was in.

102. Defendant Educational Management Corporation continued to encourage students to take out federal and private loans through Harrison College in order to fund an education that Defendant knew would likely not result in graduation.

103. Defendants breached their fiduciary duty by failing to provide notice to Plaintiffs of the impending closure of Harrison College, instead choosing to continue enrolling students for the next quarter, sending tuition bills, and otherwise failing to publicly disclose the closure.

104. Defendants breached their fiduciary duty by failing to provide notice to Plaintiffs of the impending closure of Harrison College, instead choosing to sell off part of the land Harrison College was located on, and failing to disclose that information to Plaintiffs.

105. Defendants' actions in failing to provide notice of the impending foreclosure, accepting tuition payments, and selling and accepting payment in consideration of the land sale for property belonging to Harrison College, breached their fiduciary duties owed to Plaintiff.

106. Defendants further failed to openly and honestly disclose their board of directors.

107. Harrison College's website shows Defendant Dr. Hutton as becoming president and CEO of Harrison College in 2015.

108. In a business entity report filed by Harrison College on April 1, 2016, Defendant Craig Pfannenstiehl was named as a member of the board of director.

109. On the Harrison College website, Craig Pfannenstiehl is also listed as Chairman of the Board, and Director of Educational Management Corporation. Yet there are no business filings to validate his status with Educational Management Corporation or Harrison College.

110. Harrison College further purports on their website that Educational Management Corporation "does not have any other divisions, subsidiaries, or affiliates," yet Defendant Craig Pfannenstiehl is also President and CEO of another company, Educor, Inc., which was established in the 1980s and purportedly was in the business of higher education management.

111. On June 30, 2017, Defendant Harrison College submitted a filing to the Indiana Secretary of State which amended its Articles of Amendments.

112. Specifically, Harrison College amended Article 4 of the Articles of Incorporation, which changed the total number of shares of voting stock and voting powers of the voting stock.

113. To-date, further information pertaining to Educor, Inc., is unascertainable as their website has been taken down.

114. As a direct, proximate, and legal result of Defendants' acts and omissions, Plaintiffs have suffered damages.

115. The acts and omissions constituting breach of Defendants' fiduciary duties were committed with oppression, fraud and/or malice, and as a result, Plaintiffs, in addition to actual damages, may recover punitive damages.

**COUNT 6**
**DODD-FRANK WALL STREET REFROM AND CONSUMER PROTECTION ACT VIOLATION: ABUSIVE AND DECEPTIVE ACT VIOLATION: 12 U.S.C. § 5536**
(Plaintiffs Dayshia Edwards, Stacy Hager, Raven Steinmetz, Michelle Dotson, Nicolle Schaffer, Christoph Weber, Daryane Shadday, Michelle Blatchford, and Melissa Shaffer against Defendants Harrison College, Craig Pfannenstiehl, James Hutton, Michael Crowley, Kenneth Konesco, Educational Management Corporation, and Educor, Inc.)

116. Plaintiffs incorporate by reference the preceding paragraphs of this complaint as fully set forth herein.

117. Harrison College, including the individuals and entities responsible for running Harrison College, including Defendant Craig Pfannenstiehl, Defendant James Hutton, Defendant Gregory Wallis, Defendant Michael Crowley, Defendant Educational Management Corporation, and Defendant Educor, Inc., omitted the fact from Plaintiffs that they had put parts of Harrison College's campus up for sale at the end of 2017 and into 2018.

118. Defendants promulgated the notion that Harrison College was not going to close, and further induced their students to continue taking out student loans, through the federal

government and through Harrison College itself, at the financial detriment of the

Plaintiffs.

119. Defendant Educational Management Corporation sold part of the Chef's Academy

campus in October 2017.

120. Defendant Educational Management Corporation sold part of Harrison College's

campus on August 10, 2018.

121. Defendant Educational Management Corporation put both the Chef's Academy campus

and the recently sold portion of Harrison College's campus on the real estate market early

on in 2017.

122. Harrison College's website shows Defendant Dr. Hutton as becoming president and

CEO of Harrison College in 2015.

123. In a business entity report filed by Harrison College on April 1, 2016, Defendant Craig

Pfannenstiehl was named as a member of the board of director.

124. On the Harrison College website, Craig Pfannenstiehl is also listed as Chairman of the

Board, and Director of Educational Management Corporation. Yet there are no business

filings to validate his status with Educational Management Corporation or Harrison

College.

125. Despite the fact that Defendant Educational Management Corporation and Defendant

Craig Pfannenstiehl cited declining student enrollment as the reason for the subsequent

closing of Harrison College in September 2018, the actions thereof demonstrate an intent

and purpose to shut Harrison College down long before announcing the closures.

126. On June 30, 2017, Defendant Harrison College submitted a filing to the Indiana

Secretary of State which amended its Articles of Amendments.

127. Specifically, Harrison College amended Article 4 of the Articles of Incorporation, which changed the total number of shares of voting stock and voting powers of the voting stock.

128. As a result of Defendants' lack of disclosure, students of Harrison College, Plaintiffs, were duped into continuing to take out student loans to pay for programs that Defendants knew Plaintiffs would not be able to complete.

129. As a result of Defendants' deceptive actions and omissions, Plaintiffs were saddled with student loan debt and nontransferable credits from their credits at Harrison College.

130. Defendants intentionally misled Plaintiffs by withholding pertinent information pertaining to the subsequent financial collapse of Harrison College.

131. Pursuant to 12 U.S.C. § 5536, Defendants made deceptive and abusive false statements and omissions of material fact, with knowledge thereof, in connection with the purchase or sale of securities upon which Plaintiffs justifiably relied and the false statements and omissions proximately caused Plaintiffs' damages.

132. More specifically, Defendants misled students about the continuing educational opportunities at Harrison College. Defendants put several of the campuses on the real estate market in early 2017, a full year before the eventual closing of Harrison College. As such, Defendants' omission of this information was materially false and resulted in Plaintiffs' damages.

133. Defendants further have failed to disclose the role that Defendant Craig Pfannenstiehl has held in managing and operating Harrison College as being a member of the Board of Directors since an as of yet undisclosed date.

134. Harrison College further purports on their website that Educational Management Corporation "does not have any other divisions, subsidiaries, or affiliates," yet Defendant Craig Pfannenstiehl is also President and CEO of another company, Educor, Inc., which was established in the 1980s and purportedly was in the business of higher education management.

135. To-date, further information pertaining to Educor, Inc., is unascertainable as their website has been taken down.

136. As such, Defendants have materially misled Plaintiffs, omitted material information, and conducted their business proceedings in a secretive manner at the financial expense and duress of Plaintiffs.

137. As a direct, proximate, and legal result of Defendants' acts and omissions, Plaintiffs have suffered material damages.

**COUNT 7**
**SECURITIES EXCHANGE ACT VIOLATION: 17 C.F.R. § 240**
(Plaintiffs Dayshia Edwards, Stacy Hager, Raven Steinmetz, Michelle Dotson, Nicolle Schaffer, Christoph Weber, Daryane Shadday, Michelle Blatchford, and Melissa Shaffer against Defendants Harrison College, Craig Pfannenstiehl, James Hutton, Michael Crowley, Kenneth Konesco, Educational Management Corporation, and Educor, Inc.)

138. Plaintiffs incorporate by reference the preceding paragraphs of this complaint as fully set forth herein.

139. Harrison College, including the individuals and entities responsible for running Harrison College, including Defendant Craig Pfannenstiehl, Defendant James Hutton, Defendant Gregory Wallis, Defendant Michael Crowley, Defendant Educational Management Corporation, and Defendant Educor, Inc., omitted the fact from Plaintiffs

that they had put parts of Harrison College's campus up for sale at the end of 2017 and into 2018.

140. Defendants promulgated the notion that Harrison College was not going to close, and further induced their students to continue taking out student loans, through the federal government and through Harrison College itself, at the financial detriment of the Plaintiffs.

141. Defendant Educational Management Corporation sold part of the Chef's Academy campus in October 2017.

142. Defendant Educational Management Corporation sold part of Harrison College's campus on August 10, 2018.

143. Defendant Educational Management Corporation put both the Chef's Academy campus and the recently sold portion of Harrison College's campus on the real estate market early on in 2017.

144. Harrison College's website shows Defendant Dr. Hutton as becoming president and CEO of Harrison College in 2015.

145. In a business entity report filed by Harrison College on April 1, 2016, Defendant Craig Pfannenstiehl was named as a member of the board of director.

146. On June 30, 2017, Defendant Harrison College submitted a filing to the Indiana Secretary of State which amended its Articles of Amendments.

147. Specifically, Harrison College amended Article 4 of the Articles of Incorporation, which changed the total number of shares of voting stock and voting powers of the voting stock.

148. On the Harrison College website, Craig Pfannenstiehl is also listed as Chairman of the Board, and Director of Educational Management Corporation. Yet there are no business filings to validate his status with Educational Management Corporation or Harrison College.

149. Despite the fact that Defendant Educational Management Corporation and Defendant Craig Pfannenstiehl cited declining student enrollment as the reason for the subsequent closing of Harrison College in September 2018, the actions thereof demonstrate an intent and purpose to shut Harrison College down long before announcing the closures.

150. As a result of Defendants' lack of disclosure, students of Harrison College, Plaintiffs, were duped into continuing to take out student loans to pay for programs that Defendants knew Plaintiffs would not be able to complete.

151. As a result of Defendants' deceptive actions and omissions, Plaintiffs were saddled with student loan debt and nontransferable credits from their credits at Harrison College.

152. Defendants intentionally misled Plaintiffs by withholding pertinent information pertaining to the subsequent financial collapse of Harrison College.

153. Pursuant to 17 C.F.R. § 240.10b-5, Defendants made false statements and omissions of material fact, with knowledge thereof, in connection with the purchase or sale of securities upon which Plaintiffs justifiably relied and the false statements and omissions proximately caused Plaintiffs' damages.

154. More specifically, Defendants misled students about the continuing educational opportunities at Harrison College. Defendants put several of the campuses on the real estate market in early 2017, a full year before the eventual closing of Harrison College.

As such, Defendants' omission of this information was materially false and resulted in Plaintiffs' damages.

155. Defendants further have failed to disclose the role that Defendant Craig Pfannenstiehl has held in managing and operating Harrison College as being a member of the Board of Directors since an as of yet undisclosed date.

156. Harrison College further purports on their website that Educational Management Corporation "does not have any other divisions, subsidiaries, or affiliates," yet Defendant Craig Pfannenstiehl is also President and CEO of another company, Educor, Inc., which was established in the 1980s and purportedly was in the business of higher education management.

157. To-date, further information pertaining to Educor, Inc., is unascertainable as their website has been taken down.

158. As such, Defendants have materially misled Plaintiffs, omitted material information, and conducted their business proceedings in a secretive manner at the financial expense and duress of Plaintiffs.

159. As a direct, proximate, and legal result of Defendants' acts and omissions, Plaintiffs have suffered material damages.

## COUNT 8
## TRUTH IN LENDING ACT VIOLATION: 15 U.S.C. § 1640
(Plaintiffs Dayshia Edwards, Stacy Hager, Raven Steinmetz, Michelle Dotson, Nicolle Schaffer, Christoph Weber, Daryane Shadday, Michelle Blatchford, and Melissa Shaffer against Defendants Harrison College, Craig Pfannenstiehl, James Hutton, Michael Crowley, Kenneth Konesco, Educational Management Corporation, and Educor, Inc.)

160. Plaintiffs incorporate by reference the preceding paragraphs of this complaint as fully set forth herein.

161. Harrison College, and the individuals and entities responsible for running Harrison College, including Defendant Craig Pfannenstiehl, Defendant James Hutton, Defendant Gregory Wallis, Defendant Michael Crowley, Defendant Educational Management Corporation, and Defendant Educor, Inc., had reason to believe that the loans that Harrison College was extending to its students would result in extensions of credit that Plaintiffs would be unable to comply with.

162. Defendant Educational Management Corporation put Harrison College and the Chef's Academy properties on the real estate market as early as spring 2017.

163. Defendant Educational Management Corporation subsequently sold both parcels of land in October 2017 and August 2018.

164. Despite these plans to sell off the property and shut down Harrison College, Defendants continued to extend lines of credit through Harrison College to Plaintiffs.

165. On June 30, 2017, Defendant Harrison College submitted a filing to the Indiana Secretary of State which amended its Articles of Amendments.

166. Specifically, Harrison College amended Article 4 of the Articles of Incorporation, which changed the total number of shares of voting stock and voting powers of the voting stock.

167. Plaintiffs arrived on campus for class on September 14, 2018 and were notified by social media and news outlets that Harrison College was officially closed.

168. Defendants did not provide notice or follow up contact information for students with outstanding loans from Harrison College.

169. Plaintiffs who had institutional loans through Harrison College attempted to contact ECSI, the loan servicer for Harrison College, to find out further information pertaining to payment.

170. ECSI told Plaintiffs that they were no longer servicing the Harrison College loans and that the loans had been sent back to Harrison College.

171. Defendant Harrison College has failed to contact Plaintiffs or provide any additional information pertaining to the status of their institutional loans.

172. Defendant Harrison College instructed Plaintiffs that they could not simultaneously have full time jobs while also attending Harrison College as students.

173. Plaintiffs reduced their working hours as a result of Defendants' representations that Plaintiffs could not work full time while attending Harrison College.

174. Several Plaintiffs were attending Harrison College's ADN program to secure additional training to become Registered Nurses.

175. Upon the closing of Harrison College, Plaintiffs contacted other nursing programs in Indiana, including Ivy Tech, Anderson University, Chamberlain University, Indiana University, Purdue University, and WGU; all of which are not accepting Harrison College class credits.

176. Harrison College students, including Plaintiffs, could not transfer many of the credits from Harrison College to other programs because Harrison College was not accredited.

## COUNT 9
## RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS
## VIOLATION: 18 U.S.C. § 1962
(Plaintiffs Dayshia Edwards, Stacy Hager, Raven Steinmetz, Michelle Dotson, Nicolle Schaffer, Christoph Weber, Daryane Shadday, Michelle Blatchford, and Melissa Shaffer against Defendants Harrison College, Craig Pfannenstiehl, James Hutton, Michael Crowley, Kenneth Konesco, Educational Management Corporation, and Educor, Inc.)

177. Plaintiffs incorporate by reference the preceding paragraphs of this complaint as fully set forth herein.

178. Harrison College, and the individuals and entities responsible for running Harrison College, including  Defendant Craig Pfannenstiehl, Defendant James Hutton, Defendant Gregory Wallis, Defendant Michael Crowley, Defendant Educational Management Corporation, and Defendant Educor, Inc., omitted the fact from Plaintiffs that they had put parts of Harrison College's campus up for sale at the end of 2017 and into 2018.

179. Defendants promulgated the notion that Harrison College was not going to close, and further induced their students to continue taking out student loans, through the federal government and through Harrison College itself, at the financial detriment of the Plaintiffs.

180. Defendant Educational Management Corporation sold part of the Chef's Academy campus in October 2017.

181. Defendant Educational Management Corporation sold part of Harrison College's campus on August 10, 2018.

182. Defendant Educational Management Corporation put both the Chef's Academy campus and the recently sold portion of Harrison College's campus on the real estate market early on in 2017.

183. On June 30, 2017, Defendant Harrison College submitted a filing to the Indiana Secretary of State which amended its Articles of Amendments.

184. Specifically, Harrison College amended Article 4 of the Articles of Incorporation, which changed the total number of shares of voting stock and voting powers of the voting stock.

185. Harrison College's website shows Defendant Dr. Hutton as becoming president and CEO of Harrison College in 2015.

186. In a business entity report filed by Harrison College on April 1, 2016, Defendant Craig Pfannenstiehl was named as a member of the board of director.

187. On the Harrison College website, Craig Pfannenstiehl is also listed as Chairman of the Board, and Director of Educational Management Corporation. Yet there are no business filings to validate his status with Educational Management Corporation or Harrison College.

188. Despite the fact that Defendant Educational Management Corporation and Defendant Craig Pfannenstiehl cited declining student enrollment as the reason for the subsequent closing of Harrison College in September 2018, the actions thereof demonstrate an intent and purpose to shut Harrison College down long before announcing the closures.

189. As a result of Defendants' lack of disclosure, students of Harrison College, Plaintiffs, were duped into continuing to take out student loans to pay for programs that Defendants knew Plaintiffs would not be able to complete.

190. As a result of Defendants' deceptive actions and omissions, Plaintiffs were saddled with student loan debt and nontransferable credits from their credits at Harrison College.

191. Defendants intentionally misled Plaintiffs by withholding pertinent information pertaining to the subsequent financial collapse of Harrison College.

192. More specifically, Defendants misled students about the continuing educational opportunities at Harrison College. Defendants put several of the campuses on the real estate market in early 2017, a full year before the eventual closing of Harrison College.

As such, Defendants' omission of this information was materially false and resulted in Plaintiffs' damages.

193. Defendants further have failed to disclose the role that Defendant Craig Pfannenstiehl has held in managing and operating Harrison College as being a member of the Board of Directors since an as of yet undisclosed date.

194. Harrison College further purports on their website that Educational Management Corporation "does not have any other divisions, subsidiaries, or affiliates," yet Defendant Craig Pfannenstiehl is also President and CEO of another company, Educor, Inc., which was established in the 1980s and purportedly was in the business of higher education management.

195. To-date, further information pertaining to Educor, Inc., is unascertainable as their website has been taken down.

196. As such, Defendants have materially misled Plaintiffs, omitted material information, and conducted their business proceedings in a secretive manner at the financial expense and duress of Plaintiffs.

197. Plaintiffs arrived on campus for class on September 14, 2018 and were notified by social media and news outlets that Harrison College was officially closed.

198. Defendants did not provide notice or follow up contact information for students with outstanding loans from Harrison College.

199. Plaintiffs who had institutional loans through Harrison College attempted to contact ECSI, the loan servicer for Harrison College, to find out further information pertaining to payment.

200. ECSI told Plaintiffs that they were no longer servicing the Harrison College loans and that the loans had been sent back to Harrison College.

201. Defendant Harrison College has failed to contact Plaintiffs or provide any additional information pertaining to the status of their institutional loans.

202. Defendant Harrison College instructed Plaintiffs that they could not simultaneously have full time jobs while also attending Harrison College as students.

203. Plaintiffs reduced their working hours as a result of Defendants' representations that Plaintiffs could not work full time while attending Harrison College.

204. Several Plaintiffs were attending Harrison College's ADN program to secure additional training to become Registered Nurses.

205. Upon the closing of Harrison College, Plaintiffs contacted other nursing programs in Indiana, including Ivy Tech, Anderson University, Chamberlain University, Indiana University, Purdue University, and WGU; all of which are not accepting Harrison College class credits.

206. Harrison College students, including Plaintiffs, could not transfer many of the credits from Harrison College to other programs because Harrison College was not accredited.

207. Pursuant to 18 U.S.C. § 1964(c), Plaintiffs are pursuing damages remedy for their injuries as a direct, proximate, and legal result of Defendants' violation of 18 U.S.C. § 1962.

**COUNT 10: VIOLATION OF WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT: 29 U.S.C. § 2101-2109**
(Plaintiffs Michelle Blatchford, and Melissa Shaffer against Defendants Harrison College, Craig Pfannenstiehl, James Hutton, Michael Crowley, Kenneth Konesco, Educational Management Corporation, and Educor, Inc.)

208.  Plaintiffs incorporate by reference the preceding paragraphs of this complaint as fully set forth herein.

209.  Federal law requires employers such as Harrison College and Educational Management Corporation to provide at least 60-days' notice of layoffs or closings, if the employer has 500 or more full-time employees, or if the number of employees laid off makes up at least 33% of the employer's active workforce.

210.  Plaintiff Michelle Blatchford was a full time administrative assistant at Harrison College when she learned, by the same circumstances and time as the student Plaintiffs that Harrison College was closing down.

211.  Plaintiff Michelle Blatchford was not afforded the federally mandated 60 day notice of layoffs and closings at Harrison College.

212.  Harrison College, and the individuals and entities responsible for running Harrison College, including  Defendant Craig Pfannenstiehl, Defendant James Hutton, Defendant Gregory Wallis, Defendant Michael Crowley, Defendant Educational Management Corporation, and Defendant Educor, Inc., failed to uphold the federally mandated 60 day notice before laying off Plaintiff Michelle Blatchford and other employees of Harrison College.

213.  As a result thereof, Plaintiff Michelle Blatchford, in addition to her other claims, is entitled to all pay and benefits she lost for the period of the Worker Adjustment and Retraining Notification violation.

**COUNT 11: PIERCING THE CORPORATE VEIL**
(Plaintiffs Dayshia Edwards, Stacy Hager, Raven Steinmetz, Michelle Dotson, Nicolle Schaffer, Christoph Weber, Daryane Shadday, Michelle Blatchford, and Melissa Shaffer against Defendants Harrison College, Craig Pfannenstiehl, James Hutton, Michael Crowley, Kenneth Konesco, Educational Management Corporation, and Educor, Inc.)

214. Plaintiffs incorporate by reference the preceding paragraphs of this complaint as fully set forth herein.

215. Defendants' corporate forms, including Educor, Inc., and Educational Management Corporation, were underfunded and shareholder acts or conduct ignored, controlled, and manipulated the corporate forms thereof.

216. Harrison College, and the individuals and entities responsible for running Harrison College, including  Defendant Craig Pfannenstiehl, Defendant James Hutton, Defendant Gregory Wallis, Defendant Michael Crowley, Defendant Educational Management Corporation, and Defendant Educor, Inc., sold parts of Harrison College and the Chef's Academy in advance to shutting down the campuses.

217. Defendants sold parts of Harrison College and the Chef's Academy and continued to accept enrollment and student loans for Harrison College students in advance to shutting down the campuses.

218. Defendants failed to divulge the relationship of Defendant Craig Pfannenstiehl to Educational Management Corporation.

219. Defendants failed to divulge the time and manner that Defenant Craig Pfannenstiehl became a member of the board of directors for Harrison College.

220. Defendant Craig Pfannenstiehl also was President of the now-defunct Bay College, which also was a private, for private institution which shut down and sold its property to a real estate developer.

221. Defendant Craig Pfannenstiehl was the president and CEO of Educor, Inc.

222. Educor, Inc., has since shut down its official website and is not otherwise registered with the Indiana Secretary of State.

223.  Plaintiffs believe that Defendants have underfunded and underutilized the resources for Harrison College in order to divest Harrison College of its assets, receive the income from those assets, and then shut down Harrison College and use the income from the assets for their own uses and plans.

224.  As a direct, legal, and proximate result of the actions of Defendants, Plaintiffs have suffered economic damages.

**COUNT 12: CONVERSION**

(Plaintiffs Dayshia Edwards, Stacy Hager, Raven Steinmetz, Michelle Dotson, Nicolle Schaffer, Christoph Weber, Daryane Shadday, Michelle Blatchford, and Melissa Shaffer against Defendants Harrison College, Craig Pfannenstiehl, James Hutton, Michael Crowley, Kenneth Konesco, Educational Management Corporation, and Educor, Inc.)

225.  Plaintiffs incorporate by reference the preceding paragraphs of this complaint as fully set forth herein.

226.  Harrison College, and the individuals and entities responsible for running Harrison College, including  Defendant Craig Pfannenstiehl, Defendant James Hutton, Defendant Gregory Wallis, Defendant Michael Crowley, Defendant Educational Management Corporation, and Defendant Educor, Inc., by continuing to accept tuition and loans through the most recent academic quarter, despite the fact that they had sold off parts of Harrison College and the Chef's Academy, knowingly and intentionally took tuition and loan money from students with the intent to permanently deprive those students of their money, with no intent to pay them back or provide the value that the students expected from their tuition and loans.

227.  As a direct, legal, and proximate cause of the actions of Defendants, Plaintiffs have suffered economic damages.

## RESERVATION OF RIGHTS

Plaintiffs reserve the right to proceed with any and all claims which the facts averred in this complaint support, pursuant to the notice pleading requirement of F.R.C.P. 8.

**WHEREFORE**, Plaintiffs respectfully request this Court to enter judgment in favor of them on all counts of this Complaint, award them compensatory damages and punitive damages as well as litigation costs, and grant them such other and further relief as this Court deems just under the circumstances, including, but not limited to, a public apology, attorney's fees, and pre- and post-judgment interests.

## IV.     DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury in this action to the fullest extent permitted by law.

Date: 10/11/2018                                        Respectfully submitted,

                                                       *s/ Andrea L. Ciobanu*
                                                       Andrea L. Ciobanu, #28942-49
                                                       CIOBANU LAW, P.C.
                                                       8910 Purdue Road, Suite 240
                                                       Indianapolis, IN 46268
                                                       Phone: (317) 495-1090
                                                       Fax: (866) 841-2071
                                                       Email: aciobanu@ciobanulaw.com