UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAYSHIA EDWARDS, | ) | |
| RAVEN STEINMETZ, | ) | |
| DARYANE SHADDAY, | ) | |
| MICHELLE BLATCHFORD, | ) | |
| SARAH COVEY, | ) | |
| PENELOPE LEWIS, | ) | |
| DEVIN MESSAMORE, | ) | |
| JEREMIAH ROOSA, | ) | |
| KRISTA STIGERS, | ) | |
| JADE DOGGETT, | ) | |
| RACHAEL BUSHELL, | ) | |
| HEATHER DOGGETT, | ) | |
| LORI NEWHOUSE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-03170-RLY-DLP |
| | ) | |
| CRAIG PFANNENSTIEHL, | ) | |
| GREGORY WALLIS, | ) | |
| MICHAEL CROWLEY, | ) | |
| KENNETH KONESCO, | ) | |
| EDUCATIONAL MANAGEMENT | ) | |
| CORPORATION | ) | |
|   d/b/a HARRISON COLLEGE, | ) | |
| KEY 2 RECOVERY, INC., | ) | |
| AMERICAN EDUCATION ASSETS, LLC, | ) | |
| FREDERICK PFANNENSTIEHL, | ) | |
| FREDERICK G. PFANNENSTIEHL 2004 | ) | |
| TRUST, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| ROBIN BOSTON, | ) | |
| | ) | |
| Consol Plaintiff. | ) | |

1

## ENTRY ADOPTING REPORT AND RECOMMENDATION

Harrison College closed its doors in the fall of 2018. Former students brought this lawsuit against Harrison, the board of directors, and other entities associated with the college alleging breach of contract and fraud. Plaintiffs and two of the Defendants—Key 2 Recovery, Inc and American Education Assets, LLC—filed a joint motion for approval of a settlement on January 29, 2020. (Filing No. 180). Key 2 Recovery and AEA are debt collectors who received delinquent accounts belonging to Plaintiffs. (Filing No. 139, Fourth Amended Class Action Complaint ¶¶ 21, 22). Plaintiffs counsel also sought attorney fees. (Filing No. 172). The court referred those matters to the Honorable Doris Pryor, and she issued her report and recommendation on February 28, 2020. (Filing No. 190). She recommended the court approve the settlement. (*Id.*). Neither party filed an objection, and so the court reviews the report and recommendation for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The court is satisfied the settlement is fair, adequate and reasonable and that Judge Pryor did not commit clear error. The settlement (Filing No. 132-1) is therefore **APPROVED**.

The court now **ORDERS** the following:

1. Within fourteen (14) days of entry of this Entry, Defendant Key 2 Recovery, Inc. shall forgive all accounts of students of Harrison College with a last date of attendance on or after September 1, 2018, that were placed with Key 2 Recovery, Inc. for collection.

2. Within fourteen (14) days of entry of this Entry, the settlement administrator shall distribute the class fund according to the formula and process set forth

in paragraph (E)(2) of the settlement agreement. As set forth in paragraph (E)(2)(d) of the settlement agreement, funds from uncashed checks shall be paid as a *cy pres* award to the Humane Society of Indianapolis.

3. Within fourteen (14) days of entry of this Entry, for their efforts on behalf of the settlement class, the settlement administrator shall mail each class representative their incentive award check in the amount of $200.00, as provided by paragraph (E)(1) of the settlement agreement.

4. Within fourteen (14) days of entry of this Entry, the settling Defendants shall pay class counsel's fees in the amount of $17,500.00, as provided by paragraphs (C) and (G)(1) of the settlement agreement.

5. Upon entry of this Entry, each settlement class member will release the settling defendants as follows, as provided by paragraph (F) of the class settlement agreement:

> The Settling Plaintiffs and each Class Member who does not timely exclude himself/herself from the Settlement Class, his/her assigns, heirs, successors and personal representatives, or any other person, company or entity asserting an interest by or through them, do hereby release and forever discharge the Settling Defendants, and their present or former parents, officers, directors, partners, members, insurers, representatives, employees, agents, attorneys, servants, predecessors, successors, subsidiaries, affiliates, shareholders, and assigns, (Released Parties), in their capacities as such, as of the Effective Date of the Agreement, of and from all causes of action, suits, claims and demands, whatsoever, known or unknown, in law or in equity, that in any manner relate to the Settling Plaintiffs and each Class Member's enrollment at Harrison College and any collection of accounts allegedly owed to any person or entity as a result of the Settling Plaintiffs' and each Class Member's enrollment at Harrison College, under any legal theory, including but not limited to all claims that are, were or could have been asserted against the Settling Defendants in the Litigation. Class

Members do not release their right to dispute any alleged debt, or any part of an alleged debt.

7.  The court shall retain exclusive and continuing jurisdiction over the action and all parties to interpret and enforce the terms, conditions and obligations of this settlement agreement.

Accordingly, the court **ADOPTS** the Report and Recommendation (Filing No. 190). The joint motion to approve the settlement (Filing No. 180) is **GRANTED**. Plaintiffs motion for attorney fees (Filing No. 172) is **GRANTED**. This matter with respect to Key 2 Recovery and AEA is **DISMISSED WITH PREJUDICE**. Final judgment with respect to the settling Defendants shall accompany this Entry.

**SO ORDERED** this 27th day of April 2020.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

4