UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAYSHIA EDWARDS *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:18-cv-03170-RLY-DLP |
| | ) |
| EDUCATIONAL MANAGEMENT CORPORATION d/b/a HARRISON COLLEGE *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION, ESTABLISHING QUALIFIED SETTLEMENT FUND, AND APPOINTING FUND ADMINISTRATOR AND TRUSTEE**

On July 5, 2022, Magistrate Judge Pryor issued a Report and Recommendation recommending that the court grant the parties' Motion to Establish Qualified Settlement Fund and Appoint Fund Administrator and Trustee. Neither party filed an objection. Consequently, the court reviews for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Finding none after reading the parties' brief, the relevant law, and the Report and Recommendation, the court **ADOPTS** the Report and Recommendation (Filing No. 260). The parties' Motion to Establish Qualified Settlement Fund and Appoint Fund Administrator and Trustee (Filing No. 255) is **GRANTED**.

As recommended by Judge Pryor, the court **ORDERS** as follows:

1. The Harrison College Qualified Settlement Fund (the "Fund") shall be established as a Qualified Settlement Fund within the meaning of Treasury Regulation Section 1.468B-1, pursuant to this Court's continuing subject matter jurisdiction over the underlying matter and consistent with Treas. Reg.

Section 1.468B-1(c)(1). All funds other than the administrative fee shall be paid into the Fund. The Defendants shall have no liability with regard to the conduct of the Fund Administrator or to the Fund itself. Conditioned upon final approval of the Settlement, the Defendants' liability to the Plaintiffs shall terminate with payments into the Fund.

2. Walters Administration, LLC is appointed as Fund Administrator and Trustee, shall serve without bond, and shall serve pursuant to the terms, conditions and restrictions of the Motion to Establish Settlement Fund and Appoint Fund Administrator and Trustee, and said Fund Administrator is given the authority to conduct any and all activities necessary to administer this Fund as described in the Motion.

3. No bond is required, provided that all monies received by the Fund, which includes all principal and interest earned thereon, shall be deposited in an account at Wesbanco Bank, a national banking association doing business in Charleston, WV ("The Bank"), in the name of the Fund Administrator, as trustee of the fund and invested by the Fund in instruments/securities comprised of (i) United States Agency or Treasury issued securities or obligations (or a mutual fund invested solely in such instruments); (ii) cash equivalent securities including commercial paper or short term notes with a minimum rating of A-1/P- 1/AA, SEC registered money market funds and collateralized money market accounts; (iii) interest bearing and noninterest bearing corporate accounts with domestic banks, subject to maximum Federal Depository Insurance Corporation guarantees; and/or (iv) certificates of deposit subject to maximum Federal Depository Insurance Corporation guarantees, either individually or through use of the Certificate of Deposit Account Registry Service ("CDARS") pursuant to a CDARS Deposit Placement Agreement or the Insured Cash Sweep ("ICS") pursuant to the Deposit Placement Agreement with the bank. The Fund Administrator shall be responsible for any and all investment related decisions pursuant to these terms and conditions, such that the following investment policy is implemented: (i) safety of principal; and (ii) zero bank balance sheet exposure. Any investment losses realized by investment of settlement funds or any portion thereof shall be charged to the Fund. To the extent the funds are invested in the manner provided for in this Order, the Fund Administrator shall not be liable for any loss(es) which may be incurred by reason of any such investment (or reinvestment). The Fund Administrator retains the right to remove Wesbanco Bank, with or without cause, in its sole and absolute discretion. The Fund Administrator may designate a replacement bank upon the written consent of Plaintiffs' Counsel. In the event of such replacement, the terms and conditions of this paragraph, including without limitation,

those addressing bond requirements, investments, and distributions from the Fund, shall apply to any such replacement bank.

4. Upon this Court's approval, the Fund Administrator shall be authorized to distribute all attorneys' fees and litigation expense to counsel for Plaintiffs, consistent with existing contingency fee contracts.

5. The Fund Administrator is authorized, upon final distribution of all monies paid into the Fund, to take appropriate steps to wind down the fund, and thereafter the Fund Administrator is discharged from any further responsibility with respect to the Fund.

(Filing No. 260, R. & R. at 3–5).

**IT IS SO ORDERED** this 21st day of July 2022.

*[signature]*

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.